IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Justin Wilson, Ben Porth, Christina Corne, Morgan Littell, Griffin Kessler, Alden Watkins, and Alfredo Vallejo on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>Boyd Foods, Inc. d/b/a Diablo's Southwest Grill of Lexington and Kevin Boyd Individually,<br><br>DEFENDANTS. | Civil Action No.: ~~XX:XXXX~~<br>3:24-cv-00889-SAL<br><br>COMPLAINT<br><br>FLSA COLLECTIVE ACTION<br><br>RULE 23 CLASS ACTION<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Justin Wilson, Ben Porth, Christina Corne, Morgan Littell, Griffin Kessler, Alden Watkins, and Alfredo Vallejo, on behalf of themselves and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants Boyd Foods, Inc. d/b/a Diablo's Southwest Grill of Lexington, and Kevin Boyd, individually, Plaintiffs allege as follows:

## NATURE OF CAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees, and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b) provide for opt-in class participation.

2. This action is also brough individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. §

1

41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARITES, JURISIDCITION, and VENUE

3. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. Justin Wilson is a citizen and resident of Lexington County, South Carolina.

5. Ben Porth is a citizen and resident of Lexington County, South Carolina.

6. Christina Corne is a citizen and resident of Lexington County, South Carolina.

7. Morgan Littell is a citizen and resident of Lexington County, South Carolina.

8. Griffin Kessler is a citizen and resident of Lexington County, South Carolina.

9. Alden Watkins is currently a citizen and resident of Richland County, South Carolina. A substantial part of the events giving rise to these claims occurred in Lexington County while the Plaintiff was employed and worked at Diablo's Southwest Grill of Lexington.

10. Alfredo Vallejo is a citizen and resident of Lexington County, South Carolina.

11. Boyd Foods, Inc. is a South Carolina corporation maintaining offices and agents in Lexington County, South Carolina. Kevin Boyd is an employer of individuals and operates a restaurant in Lexington County, South Carolina, doing business as Diablo's Southwest Grill of Lexington.

12. Upon information and belief, Kevin Boyd is a citizen and resident of Lexington County, South Carolina, and is the owner and/or operator of Boyd Foods, Inc. d/b/a Diablo's Southwest Grill of Lexington, or otherwise is an individual who had the authority to establish the specific policies of wages of Plaintiffs while employed at Diablo's Southwest Grill of Lexington.

13. Plaintiffs were employed at Boyd Foods, Inc. doing business as Diablo's Southwest Grill of Lexington. A substantial part of the events giving rise to these claims occurred in Lexington County.

14. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

15. Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 203(m)(2)(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly rate and were eligible to receive tips from customers, but did not receive the customers noncash tips, and instead had to pay those tips to Defendants.

16. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of the Defendants at any time within the three (3) years prior to filing of this lawsuit, who were paid a direct, or hourly rate and received tips, from which Defendants, without written legal authorization, required Plaintiffs to pay Defendants.

17. Upon information and belief, this action satisfies the requirements of Federal Rule of Civil Procedure 23(a), as alleged in the following particulars:

    a) The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impractical;

    b) There are questions of law and/or fact common to the members of the Proposed Plaintiffs class;

    c) The claims of the Plaintiffs are typical of the claims of the Proposed Plaintiffs' class;

    d) Plaintiffs will fairly and adequately protect the interest of the class.

18. In addition, upon information and belief, this action satisfies one or more of the requirements of Federal Rule of Civil Procedure 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiffs class predominant over any questions only individual members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Venue is this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and all Plaintiffs and upon information and belief the individual Defendant resides in this Division.

20. Based upon the above, jurisdiction and venue are proper in this court and division.

21. The work and pay records, including, but not limited to, customer tips paid out per shift to the Plaintiffs and members of the putative class are in the possession, custody, and/or control of the Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211 (c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## FACTS

22. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated herein verbatim.

23. Defendants own and operate Boyd Foods, Inc. doing business as Diablo's Southwest Grill of Lexington.

4

24. Defendant Kevin Boyd exercises operational control over Boyd Foods, Inc. d/b/a Diablo's Southwest Grill of Lexington. On information and belief, Kevin Boyd is involved in the decisions to set the wages and pay, including tips, requiring Plaintiffs to give all non-cash tips received from customers to the Defendants, or he hired the individuals to whom he delegated this authority, therefore, Kevin Boyd is individually liable to Plaintiffs. (See Exhibit 1)

25. The various Plaintiffs were all employed by the Defendants within the last three years.

26. Defendants paid the Plaintiffs, and on information and belief all employees, a direct hourly wage of at least seven and 25/100 ($7.25) an hour. In addition, customers upon check out could leave tips via cash, or on a debit or credit card. Instead of allowing the staff and/or employees of Diablo's Southwest Grill of Lexington to receive all of the tips left by the customers the Defendants kept all noncash tips for themselves.

27. Boyd Foods, Inc. doing business as Diablo's Southwest Grill of Lexington has violated the SCPWA and/or FLSA in the following ways:

   a) Employers, including, managers or supervisors may not keep tips, even if the employer takes a tip credit (which Defendants do not) the FLSA and/or SCPWA prohibits employers from keeping tips for any purpose, whether directly or through a tip pool;

   b) An employer may not require an employee to give their tips to the employer, a supervisor, or a manager, even when a tipped employee receives at least the federal minimum wage currently ($7.25) per hour in wages directly from the employer and the employer takes not tip credit.

    c) Business owners who have an equity interest in the enterprise in which they are employed and who are actively engaged in its management are also managers and supervisors who may not keep employees' tips;

    d) Defendants failed to give employees notice that they could keep all of their tips.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 203(m)(2)(b)**

28. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated verbatim.

29. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of good for commerce as defined by 29 U.S.C. §203 (r)and 203(s).

30. Plaintiffs worked in interstate commerce; thus, they are under the protection of the FLSA.

31. The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

32. Defendants failed to give employees notice that the employees could keep all of their tips.

33. Defendants kept all noncash tips left by customers instead of allowing the employees to retain the tips they earned.

34. Defendants have violated the FLSA 29 U.S.C. § 203(m)(2)(b), by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of the Plaintiffs.

35. As such, Plaintiffs seek to recover from Defendants the following damages:

    a) Actual damages for a three year period;

    b) Liquidated damages of an equal amount;

    c) Reasonable attorney's fees and costs and disbursements of this action; and

    d) An Order from this Court requiring the Defendants to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**Individual and Class Action**

36. Plaintiffs on behalf of themselves and all other similarly situated employees, reallege, and incorporate by reference all proceeding paragraphs as if they were set forth herein verbatim.

37. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

38. Defendants employed Plaintiffs and the members of Plaintiffs Class within the state of South Carolina.

39. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

40. Plaintiffs had an employment agreement with Defendants that they would be paid wages for all hours worked.

41. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

42. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

43. Pursuant to the SCPWA § 41-10-40 (c), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization."

44. Defendants deducted, and kept for themselves, amounts from wages of Plaintiffs that were not permitted by state or federal law and without written authorization. These amounts were illegal deductions.

45. Defendants owe Plaintiffs these wages that were illegally deducted.

46. Defendants' actions were willful, and Defendants have no bona fide reason why they took this action.

47. Pursuant to S.C. Code § 41-10-80(c), Plaintiffs and the members of Plaintiffs class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that a Court enter a judgment for the following relief:

a) An order the Defendants violated the FLSA;

b) Actual Damages in an amount to be determined;

c) Liquidated Damages of an equal amount;

d) An order certifying a class under Rule 23 of the Federal Rules of Civil Procedure to remedy the class wide violations of the FLSA;

e) An order the Defendants violated the SCPWA;

f) An order certifying a class under Rule 23 of the Federal Rules of Civil Procedure to remedy the class wide violations of the South Carolina Payment of Wages Act;

g) Actual damages in the amount of wages due under SCPWA;

h) Treble damages pursuant to the SCPWA;

i) Reasonable attorney's fees and costs;

j) Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws, and

k) Such further relief as the Court deems just and proper.

Plaintiffs request a jury trial.

**Law Office of William J. Luse**

|  |  |
|---|---|
|  | S/William J. Luse_____ |
|  | William J. Luse, Esquire |
|  | Federal Bar No: 9736 |
|  | 917 Broadway Street |
|  | Myrtle Beach, SC 29577 |
|  | Phone: 843-839-4795 |
|  | Fax: 843-839-4815 |
| Myrtle Beach, SC | bill@getlusenow.com |
| February 12, 2024, | Attorney for the Plaintiffs |